[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to strike the second count of the complaint as legally insufficient.
A motion to strike is the proper vehicle to test the legal sufficiency of the allegations of a complaint. cf. Practice Book10-39. A motion to strike admits the facts well pleaded.Mingachos v. CBS. Inc., 196 Conn. 91, 108-109 (1985).
Count II of the complaint constitutes a claim that the defendants' stated activities violated Connecticut General Statutes 42-110a, et. seq., the Connecticut Unfair Trade Practices Act (CUTPA). While both counsel have briefed the issue of whether CUTPA is applicable to a single transaction, a fair reading of the complaint leads the court to believe that the plaintiffs have, in fact, alleged a course of conduct consisting of multiple activities. The plaintiffs have alleged that funds were loaned to the defendants, that the defendants utilized a certain investment vehicle for utilization of loaned funds, that compensation from investments made with loans from the plaintiffs and others was paid to the defendants, that defendants made a commitment that funds loaned to the defendants would be safe and CT Page 3866 secured to ensure payment, that the investments are in jeopardy with the likelihood that they can not be repaid, and that the defendants have engaged in self-serving fraudulent dealings which threatens the return of these funds to the plaintiffs. Contrary to the defendants' assertions, these factual allegations constitute a claim by the plaintiffs that the defendants have engaged in unfair trade practices through a series of activities and not through a single event or transaction. Accordingly, the motion to strike is denied.
Thomas A. Bishop, J.